# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **JOEL BENJAMIN REVILL,** | : | |
| Plaintiff, | : | |
| VS. | : | NO. 7:19-CV-00120-HL-TQL |
| **STATE OF GEORGIA,** *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

*Pro se* Plaintiff Joel Benjamin Revill, a prisoner most recently incarcerated at the Baldwin State Prison in Hardwick, Georgia, has filed a document that was construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On October 15, 2019, Plaintiff was ordered to pay an initial partial filing fee and recast his Complaint if he wished to proceed with this case. Plaintiff was given twenty-one (21) days to comply, and he was warned that failure to fully and timely comply with the Court's orders would result in the dismissal of this case. *See generally* Order, Oct. 15, 2019, ECF No. 5.

The time for compliance passed, and although Plaintiff paid the initial partial filing fee, he never recast his Complaint as directed. On December 3, 2019, Plaintiff was therefore ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was given twenty-one (21) days to respond, and he was again warned that failure to respond would result in the dismissal of his Complaint. *See generally* Order, Dec. 3, 2019, ECF No. 6.

In response, Plaintiff has filed three documents. First, Plaintiff filed a "Declaration of Status" which appears to largely duplicate his previous assertions associated with the "sovereign citizen" or "redemptionist" movements. *See generally* Pl.'s Decl., Dec. 9, 2019, ECF No. 7. Plaintiff has also filed two "notices" challenging the Court's referral of this case to the United States Magistrate Judge and stating that he has "not given [his] consent for Magistrate Judge Langstaff to have jurisdiction whatsoever." Notice 2, Dec. 23, 2019, ECF No. 8. Plaintiff has not, however, complied with the Court's previous order to recast his Complaint on the Court's standard form, nor has he offered any legitimate reason for his failure to do so. As Plaintiff was previously advised, his reliance on tenets of the sovereign citizen or redemptionist movements is misplaced. Both movements rely on frivolous legal theories that have been consistently rejected by federal courts. *See, e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous); *Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases and noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources"). Plaintiff also cannot contest the referral of this matter to a magistrate judge. Federal law provides this Court with the authority to delegate

non-dispositive pretrial matters to a magistrate judge for determination. 28 U.S.C. § 636(b)(1)(A). The Court is not required to obtain the consent of the parties prior to such referral. *Id.* at § 636(b)(1)(A)-(C).

Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, Plaintiff's Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

**SO ORDERED**, this 21st day of February, 2020.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE